## FELTON v. LATCHFORD MARBLE GLASS CO.
Civil Action No. 6131.

District Court, S. D. California, Central Division.

May 26, 1948.

Katz, Gallagher & Margolis, of Los Angeles, Cal., for plaintiff.

Gordon Stater, of Los Angeles, Cal., for defendant.

J. F. T. O'CONNOR, District Judge.

Complaint was filed in this court on December 27, 1946, under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Complaint was amended on February 5, 1947, and again amended on September 11, 1947.

Complaint alleges the plaintiffs were required to "enter the plants through a single gate designated by the defendant and are required to punch a time clock at a designated point on the premises of the defendant prior to reporting to the place at which each plaintiff performs his regular duties. From the designated gate the plaintiffs proceed to the time clock and then go to their respective places of work by means of roadways and paths leading therefrom to the various buildings, departments and operations of the defendant company. After the scheduled quitting time the plaintiffs are required to return to the said time clock for the purpose of checking out and then are required to depart from the premises of the employer by the same designated gate. * * *" Compensation is requested for the walking time from the gate to the time clock and upon the completion of their work after punching the time clock, walking to the same gate for the purpose of checking out, necessitating plaintiffs being on defendant's premises prior to starting hour and walking from the gate to the time clock and from the time clock to the gate at the conclusion of their work.

Plaintiffs are also required to change their work clothes and safety clothing and to obtain other equipment "all of which must be done prior to the scheduled starting of work." Also, the complaint alleges that "At the end of each shift such employees must remove such work clothes, safety clothing, and other equipment and by virtue of the nature of their work, the materials with which they work, and the necessary circumstances of defendant's operations must cleanse themselves and their bodies before leaving their place of work."

"The time necessarily spent by the plaintiffs in walking to and from their places of work on defendant's property both before the scheduled starting time and after the scheduled quitting time, was at all times herein mentioned and now is consumed upon the premises of the defendant, and such activities which involve mental and physical exertion are under the defendant's direction and for the benefit of said defendant."

This complaint was predicated upon the decision by the Supreme Court of the United States in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 1196, 90 L.Ed. 1515, wherein the Supreme Court decided that walking was work and that the employees were to be compensated "regardless of contrary custom or contract."

This opinion and the opinion in the Jewell Ridge Corporation v. Local No. 6167 U. M. W. A., 325 U.S. 161, 897, 65 S.Ct. 1063, 1550, 89 L.Ed. 1534, were handed down by a divided court, and constituted a complete departure from the general understanding of the relationship between employer and employee, which attracted much comment. This interpretation of the law was severely criticised by the Congress of the United States in the Portal-to-Portal Act, 29 U.S.C.A. § 251 et seq. "The Congress finds that the Fair Labor Standards Act of 1938, as amended, has been interpreted judicially in disregard of long-established customs, practices, and contracts between employers and employees, thereby creating wholly unexpected liabilities, immense in amount and retroactive in operation, upon employers with the results that, if said Act as so interpreted or claims arising under such interpretations were permitted to stand, * * *" (here Congress enumerated the abuses and dangers). 29 U.S.C.A. § 251.

The Portal-to-Portal Act prohibits any recovery except for activities which were compensable as work by: (1) express contract, or (2) custom. Pending actions were subject to this rule.

Similar actions have been considered by several of the judges of this court, and motions to dismiss were granted: No. 6340–PH, Quinn v. Calif. Shipbuilding Corporation, D.C., 76 F.Supp. 742; No. 6165–W, Felton v. Maywood Glass Co.[1]; No. 6129–Y, Felton v. Glass Containers, Inc.[1]; No. 6130, WM, Felton v. Owens Illinois Glass Co.; No. 6130 is pending before Judge Mathes.[2]

At the conclusion of the pretrial hearing, the plaintiffs moved the court for leave to amend the complaint and the court granted the request, " * * * limited, however, to showing that the work done by the plaintiffs was performed by contract or according to custom." The plaintiff was given until April 30, 1948, at 5:00 o'clock P.M. to file such amendment. Up to the date of this opinion no amendment has been filed.

The motion of defendant to dismiss the complaint is granted.

---

[1] No opinion for publication.    [2] Case has since been dismissed.