**SCHNEER'S ATLANTA, Inc.,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15722.

United States Court of Appeals
Fifth Circuit.

Feb. 2, 1956.

M. H. Blackshear, Jr., Atlanta, Ga., Haas, Holland & Blackshear, Atlanta, Ga., of counsel, for appellant.

James W. Dorsey, U. S. Atty., Charles D. Read, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a judgment of the District Court awarding to the Government a sum representing three times the overcharges allegedly made by appellant in the sale of watches in excess of ceiling prices fixed under the Defense Production Act of 1950, 50 U.S.C.A.Appendix, § 2061 et seq. Schneer's attacked the price regulations in question as invalid as to it. The Government contended, and the District Court determined, that it had no jurisdiction to consider this question, but that only the Emergency Court of Appeals could pass on the question of validity.[1]

It is not disputed that prior to termination of the Defense Production Act of 1950, the District Courts had no power to inquire into the validity of price regulations.[2]

The sole narrow issue presented here is whether the termination of the Defense Production Act rendered inopera-

1. The trial court said: "That defendant's rights must be urged before the Emergency Court of Appeals has been recognized in several decisions since repeal of the Defense Production Act, and this Court is of the opinion that since the Emergency Court of Appeals still exists, defendant's attack upon the regulations herein involved must be urged before that court."

2. § 2108. Jurisdiction of courts to determine validity of regulations—(a) Action in Emergency Court of Appeals after denial of protest
* * * * *
"(d) Within thirty days after entry of a judgment or order, interlocutory or final, by the Emergency Court of Appeals, a petition for a writ of certiorari may be filed in the Supreme Court of the United States, and thereupon the judgment or order shall be subject to review by the Supreme Court in the same manner as a judgment of a United States court of appeals as provided in section 1254 of Title 28. The Supreme Court shall advance on the docket and expedite the disposition of all causes filed therein pursuant to this subsection. The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order relating to price controls issued under this title (sections 2101–2110 of this Appendix), and of any provision of any such regulation or order. Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation or order relating to price controls, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this title (said sections) authorizing the issuance of such regulations or orders, or any provision of any such regulation or order, or to restrain or enjoin the enforcement of any such provision.

"(e) (1) Within thirty days after arraignment, or such additional time as the

.tive this provision placing exclusive jurisdiction· in. the Emergency Court. There can be no doubt that if it did then appellant .would have the right to have the District Court, whose jurisdiction the Government invoked to seek a penalty against appellant, pass on the legality of the regulations on which the Government's claim was based.

The Emergency Court was in existence at the time of the enactment of the

court may allow for good cause shown, in any criminal proceeding, and within five days after judgment in any civil or criminal proceeding, brought pursuant to section 409 or 706 of this Act (section 2109 or 2156 of this Appendix) or section 371 of Title 18, involving alleged violation of any provision of any regulation or order relating to price controls issued under this title [sections 2101–2110 of this Appendix], the defendant may apply to the court in which the proceeding is pending for leave to file in the Emergency Court of Appeals a complaint against the President setting forth objections to the validity of any provision which the defendant is alleged to have violated or conspired to violate. The court in which the proceeding is pending shall grant such leave with respect to any objection which it finds is made in good faith and with respect to which it finds there is reasonable and substantial excuse for the defendant's failure to present such objection in a protest filed in accordance with section 407 of this title (section 2107 of this Appendix.) Upon the filing of a complaint pursuant to and within thirty days from the granting of such leave, the Emergency Court of Appeals shall have jurisdiction to enjoin or set aside in whole or in part the provision of the regulation or order complained of or to dismiss the complaint. The court may authorize the introduction of evidence, either to the President or directly to the court, in accordance with subsection (a) of this section. The provisions of subsections (b), (c), and (d) of this section shall be applicable with respect to any proceeding instituted in accordance with this subsection.

"(2) In any proceeding brought pursuant to section 409 or 706 of this Act (section 2109 or 2156 of this Appendix) or section 371 of Title 18, involving an alleged violation of any provision of any such regulation or order, the court shall stay the proceeding—

"(i) during the period within which a complaint may be filed in the Emergency Court of Appeals pursuant to leave granted under paragraph (1) of this subsection with respect to such provision;

"(ii) during the pendency of any protest properly filed by the defendant under section 407 of this title (section 2107 of this Appendix) prior to the institution of the proceeding under section 409 or 706 of this Act (section 2109 or 2156 of this Appendix) or section 371 of Title 18, setting forth objections to the validity of such provision which the court finds to have been made in good faith; and

"(iii) during the pendency of any judicial proceeding instituted by the defendant under this section with respect to such protest or instituted by the defendant under paragraph (1) of this subsection with respect to such provision, and until the expiration of the time allowed in this section for the taking of further proceedings with respect thereto.

"Notwithstanding the provisions of this paragraph, stays shall be granted thereunder in civil proceedings only after judgment and upon application made within five days after judgment. Notwithstanding the provisions of this paragraph, in the case of a proceeding under section 409(a) or 706(a) of this Act (section 2109(a) or 2156(a) of this Appendix) the court granting a stay under this paragraph shall issue a temporary injunction or restraining order enjoining or restraining, during the period of the stay, violations by the defendant of any provision of the regulation or order involved in the proceeding. If any provision of a regulation or order is determined to be invalid by judgment of the Emergency Court of Appeals which has become effective in accordance with section 408(b) of this title (subsection (b) of this section), any proceeding pending in any court shall be dismissed, and any judgment in which proceeding vacated, to the extent that such proceeding or judgment is based upon violation of such provision. Except as provided in this subsection, the pendency of any protest under section 407 of this title (section 2107 of this Appendix), or judicial proceedings under this section, shall not be grounds for staying any proceeding brought pursuant to section 409 or 706 of this Act (section 2109 or 2156 of this Appendix) or section 371 of Title 18; nor, except as provided in this subsection, shall any retroactive effect be given to any judgment setting aside a provision of a regulation or order issued under this title (sections 2101–2110 of this

Defense Production Act.[3] It was given jurisdiction over matters relating to regulations of the later law by Section 408 (c), (d) and (e) of that Act.[4] That law was in effect when the proceeding here was commenced by the Government on February 19, 1953. It expired by its own terms at the close of April 30, 1955. On February 25, 1954, appellant filed a motion for summary judgment upon the pleadings and upon the affidavit of its president, making its attack on the validity of the regulations as to it. On September 14, 1954, the District Court denied the motion for summary judgment without passing on the merits of the question of validity, holding that it was without jurisdiction to consider the question.

■ The parties here apparently concede that there was no saving clause contained in the Act itself that would have the effect of continuing in effect the limitation on the District Court's jurisdiction,[5] and we must conclude, therefore, that if this limitation outlived the repeal of the statute creating it this must follow from what is known as the General Savings Statute.[6] It will be noted that the first sentence of the law dates from 1871 and only the second sentence is new. It merely makes the same rule applicable to a "temporary statute." We may, therefore, look to cases construing the first sentence to determine the answer to our question. This question, in its simplest form, is whether this sentence in the savings statute continued Section 2108(d) and (e)[7] in life for the purpose of conferring this particular jurisdiction on the Emergency Court of Appeals and denying it to the District Court. Unless it did so keep it in life, then the case is concluded in appellant's favor under the principle announced by the Supreme Court in Bruner v. United States, 343 U.S. 112, 72 S.Ct. 581, 584, 96 L.Ed. 786: "This rule—that, when a law conferring jurisdiction is repealed without any reservation as to pending cases, all cases fall with the law—has been adhered to consistently by this Court."

■■ In that opinion the court then concluded by a holding that, it seems clear to us, proceeded to answer the question itself. It held that the General Savings Statute does not preserve a right to have a claim heard by any particular tribunal, but preserves only the right itself. This was the holding in Hallowell v. Commons, 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409, wherein was involved a statute giving the Secretary of the Interior the authority to ascertain the heirs of certain Indian intestates. The court disposed of the plaintiff's argument that it had a right to have the district court hear his claim (as was the procedure when the claim arose), and that this right was preserved by the General Savings Statute, by saying that the Act conferring jurisdiction upon the Secretary "takes away no substantive

---

Appendix). 50 U.S.C.A.Appendix, § 2108 (d), (e).

3. It was first created by the Emergency Price Control Act of 1942. 50 U.S.C.A. Appendix, § 924(c).

4. 50 U.S.C.A.Appendix, § 2108(c), (d) and (e).

5. The Government's brief does not even discuss the effect of the termination of the law, but treats the matter simply as if the entire law were still in force.

6. 1 U.S.C.A.
   "§ 109. Repeal of statutes as affecting existing liabilities
   "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incur-

red under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability. The expiration of a temporary statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the temporary statute shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

7. Supra, Note 4.

right but simply changes the tribunal that is to hear the case." 239 U.S. 506, 508, 36 S.Ct. 202, 203.

Although the subsequent case of De La Rama Steamship Co. v. United States, 344 U.S. 386, 73 S.Ct. 381, 384, 97 L.Ed. 422, does stress the fact that too much significance has been attached to the separateness of "right" from "remedy" where the repealed law combines the elements of both, there is nothing in that case to modify the Bruner holding. In De La Rama the court pointed out that a denial of the option of the libelant to present its right of action in admiralty or in the Court of Claims would "mutilate that right" because in admiralty interest arises from the time of filing the libel, whereas it follows only upon entry of judgment in the Court of Claims.

Moreover the language of the savings clause itself shows its clear applicability to a statute which gives a particular procedural benefit coupled with a substantive right, as in De La Rama; whereas, the statute does not by its terms apply to a statute, or part of a statute, which merely limits, within the federal system, the courts which can determine the legality of government regulations. The section of the Defense Production Act which imposes such limitation is not one which "creates any penalty, forfeiture or liability," and the perpetuation of this section is not needed to sustain any "proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." It is not, then, as was the statute before the Supreme Court in De La Rama, one whose perpetuation was expressly within the language of the savings statute.

Here, neither party is deprived of any substantive right or benefit by a holding, contrary to Bruner and Hallowell, that the procedural provision of the Defense Production Act of 1950 survived its repeal, because it is of convenience to the defendant and of no greater burden to the Government to have the entire enforcement suit litigated in the same court, especially since it is apparent from the fact of repeal that the great urgency of enforcement that provided the justification for establishing jurisdiction in a special tribunal no longer exists. Matters may now follow their normal and ordinary course, in which the court which is called upon to enforce a regulation shall have the opportunity to pass in the first instance upon its validity.

We do not pass on the question of validity of the regulations in question, but return the case for the District Court to do this.

The judgment is reversed and the case remanded for action by the trial court consistent with this opinion.

Reversed and remanded.