**UNITED STATES of America, Plaintiff-Appellant,**

v.

**William E. MARTIN, Defendant-Appellee.**

**No. 11763.**

United States Court of Appeals Seventh Circuit.

March 27, 1957.

Samuel D. Slade, Robert S. Green, Dept. of Justice, Washington, D. C., John B. Stoddart, Jr., U. S. Atty., Springfield, Ill., George Cochran Doub, Asst. Atty. Gen., for appellant.

John Radley, Peoria, Ill., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

The government sued to recover treble damages from Martin, defendant, who sold a used press brake in excess of the ceiling price prescribed by regulation of the Office of Price Stabilization. Sitting without a jury, the district court found for Martin on the government's complaint, filed December 23, 1952, holding in substance, that the application to him of Ceiling Price Regulation 80 conflicted with § 402(k) of the Defense Production Act, 50 U.S.C.A.Appendix, § 2102(k). Appealing from that adverse judgment the government contends the district court exceeded its jurisdiction by interpreting Regulation 80 as to invalidate it. Lying behind that contention is a chain of reasoning built upon the theory that jurisdiction to pass upon the validity of ceiling price regulations is vested exclu-

sively in the Emergency Court of Appeals. The government is urging that Regulation 80 covers Martin's transaction hence there was no question of its applicability before the court below and its refusal to enforce the Regulation equates to a judicial determination that the Regulation is invalid; that validity of Regulations are matters within the province of the Emergency Court of Appeals. Actually the district judge purported to hold that Regulation 80 could not apply to the Martin sale without colliding with the Herlong Amendment, 50 U.S.C.A.Appendiix, § 2102(k) and by that reasoning arrived at the following conclusions of law:

"(1) There is no question as to the validity or constitutionality of any law or regulation before the Court. The sole question for determination by the Court is whether Ceiling Price Regulation 80 should be construed or interpreted to apply to the transaction complained of. The question of the interpretation or construction of Ceiling Price Regulation 80 is a proper matter for determination by this Court, and this Court has jurisdiction of the subject matter of this suit and of the parties hereto.

"(2) Ceiling Price Regulation 80 states upon its face that it to be interpreted in connection with the pertinent provisions of the Defense Production Act, including the section above quoted (Section 2102(k), Title 50, U.S.C.A., as amended). It is therefore necessary to reconcile said Regulation with the intent and spirit of said Act as amended.

"(3) Congress in passing the amendment to the Defense Production Act quoted above, on July 31, 1951, intended to prohibit thereby the promulgation of any regulation thereafter which was not so drafted as to allow to 'sellers of material at wholesale or retail' their customary markup.

"(4) The regulation in question, Ceiling Price Regulation 80, was promulgated on October 8, 1951, after the effective date of the above amendment, and it contains a formula for fixing ceiling prices of commodities without any reference to cost or customary markup. As applied to manufacturers disposing of used machine tools, and others who were not 'sellers at wholesale and retail' the regulation is in accord with the letter and spirit of the Defense Production Act, as amended, but if its scope were to be extended by interpretation to apply to 'sellers at wholesale and retail', it would be in conflict with the letter and spirit of the Defense Production Act, as amended.

"(5) Interpreting Ceiling Price Regulation 80 in connection with Defense Production Act, as amended, under which it was issued, it had no application to the transaction complained of, and the defendant, William E. Martin, did not commit any violation of the Act."

From the stipulated facts it appears that Martin engaged in purchasing used machinery and machine tools for resale and was "a seller of material at retail or wholesale within the meaning of the relevant statute." Martin bought a used Ohl press brake (a used machine tool) in February, 1951 at auction in Omaha for $2,400. He spent $1,268.44 loading and transporting that machine to Kewanee, Illinois. "At the time he (Martin) purchased it there was no governmental regulation purporting to fix any maximum price, although the Defense Production Act was then in effect. On October 8, 1951, Ceiling Price Regulation 80 was promulgated to become effective October 13, 1951. This Regulation purports to fix maximum prices for certain sales of used machine tools. Under this Regulation, any machine tool, the age of which could not be determined, was presumed to have been made before 1916, and the ceiling price fixed was 15% of what such a machine would cost new. Defendant has not been able to establish the age of the press brake." In December, 1951,

Martin received an offer of $6,500 for the brake plus certain dies (valued at $2,142.-00) not subject to price ceilings. The offer was accepted and the sale made to one A. F. Moul for $6,500 f. o. b. Kewanee, Illinois. Two other relevant phases of the stipulation follow:

"It is agreed that there was no wilful violation of the law or regulation by Defendant, William E. Martin, in making this sale. This is the only sale by this Defendant of which any complaint is made.

"It is agreed that the Court shall determine whether or not Ceiling Price Regulation 80 and the Defense Production Act of 1950, as amended July 31, 1951, apply to the transaction in question. If the Court finds that this Act and Regulation are not applicable, then the Complaint shall be dismissed. If the Court finds that the Regulation is applicable, it is agreed that the damages assessed shall be determined by the Court but shall not exceed the sum of $2,474.-09. This amount is the full amount of the alleged overcharge, based upon an alleged ceiling price of $1,883.-10 (being 15% of the cost of the press brake new), and allowing to the Defendant the actual value of the dies sold with the press brake, in the amount of $2,142.00."*

Ceiling Price Regulation 80, as originally promulgated October 8, 1951 covered all sales of used tools. On July 31, 1951 the following Herlong Amendment, 50 U.S.C.A.Appendix, § 2102(k), to the Defense Production Act became effective:

"(k) No rule, regulation, order or amendment there shall hereafter be issued under this title [sections 2101–2110 of this Appendix], which shall deny to sellers of materials at retail or wholesale their customary percentage margins over costs of the materials [or their customary charges] during the period May 24, 1950, to June 24, 1950, or on such other nearest representative date determined under section 402(c) (subsection (c) of this section), as shown by their records during such period, except as to any one specific item of a line of material sold by such sellers which is in short supply as evidenced by specific government action to encourage production of the item in question. No such exception shall reduce such customary margins of sellers at retail or wholesale beyond the amount found by the President, in writing, to be generally equitable and proportionate in relation to the general reductions in the customary margins of all other classes of persons concerned in the production and distribution of the excepted item of material.

"Prior to making any finding that a specific item of material shall be so excepted, or as to the amount of the reductions in customary margins to be imposed upon retail and wholesale sellers of such items, the President shall consult with representatives of the affected retail and wholesale sellers concerning the basis for and the amount of the exception which is proposed with respect to any such item.

"For purposes of this section a person is a 'seller of a material at retail or wholesale' to the extent that such person purchases and resells an item of material without substantially altering its form; or to the extent that such person sells to ultimate consumers except (1) to government and institutional consumers and (2) to consumers who purchase for consumption in the course of trade or business."

We again point out that through their stipulation these parties agreed Martin "was * * * a seller of material at retail or wholesale within the meaning of the statute * * *" Regulation 80,

---

* Though the litigants have thus stipulated their action they could not confer jurisdiction on the district court.

heretofore unchallenged, encompasses all transactions of the class consisting of "sales of used machinery." Martin asserts, in substance, that the Herlong Amendment excluded his transaction from membership in the class set up by Regulation 80 because he was a seller at retail or wholesale. The district court measured the Regulation by the Amendment and excluded Martin's transaction. That ruling was tantamount to invalidating Regulation 80 by delimiting the class of transactions it purported to cover.

Schneer's Atlanta v. United States, 5 Cir., 1956, 229 F.2d 612, is a review of a judgment awarding the Government treble overcharges made by Schneer's through sales of watches in excess of ceiling prices fixed under the Defense Production Act of 1950, 50 U.S.C.A.Appendix, § 2061 et seq. Because it viewed the Emergency Court of Appeals as the tribunal for passing upon validity of the relevant price regulations, the district court asserted its own want of jurisdiction, refused to pass on the question of validity, stating that Schneer's challenge would have to be urged in the Emergency Court. The Fifth Circuit reversed the judgment and remanded the case to the district court with directions to pass on the question of the validity of the regulations. Recently the Supreme Court handed down the following per curiam reported as United States v. Schneer's Atlanta, Inc., 1957, 352 U.S. 978, 77 L.Ed. 380, 1 L.Ed.2d 363:

> "The judgment of the Court of Appeals is reversed and the judgment of the United States District Court for the Northern District of Georgia is reinstated. Defense Production Act of 1950, § 706(b), 64 Stat. 817, 50 U.S.C.App. § 2156(b)."

We obtained the briefs and record in Schneer's case, and have read the Fifth Circuit's opinion in light of them. Significantly, the Fifth Circuit concluded, 229 F.2d 612, 616, the jurisdictional question by saying: "Matters may now follow their normal and ordinary course, in which the court which is called upon to enforce a regulation shall have the op-

portunity to pass in the first instance upon its validity."

Regardless of whether the judicial process below, in this case, is labelled as "interpretation" or "applicability," we think validity of Regulation 80 was at stake; that is a matter for the Emergency Court under Defense Production Act of 1950, § 408(c), as amended, 50 U.S.C. A.Appendix, § 2108.

The order appealed is reversed and remanded for proceedings consistent with this opinion.

Reversed and remanded.

