Joseph T. WATKINS, on Behalf of Himself and Others Similarly Situated, et al., Appellants,

v.

Walter E. WASHINGTON, Commissioner for the District of Columbia, et al.

Joseph T. WATKINS, on Behalf of Himself and Others Similarly Situated, et al.

v.

Walter E. WASHINGTON, Commissioner for the District of Columbia, et al., Appellants.

Nos. 71–1897, 71–1954.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 5, 1972.

Decided Dec. 29, 1972.

**1374**

Mrs. Amy Scupi, Washington, D. C., with whom Mr. William Karas, Bethesda, Md., was on the brief, for appellants in No. 71–1897 and appellees in No. 71–1954.

Mr. David P. Sutton, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellees in No. 71–1897 and appellants in No. 71–1954.

Messrs. Bruce I. Waxman and James L. Neustadt, Washington, D. C., filed a brief on behalf of American Federation of Government Employees (AFL–CIO) as *amicus curiae*.

Before Mr. Justice CLARK * and WRIGHT and WILKEY, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

Joseph Watkins, a housing inspector for the District of Columbia, filed a complaint under the District's Equal Employment Opportunity Order alleging that the Housing Division of the Department of Licenses and Inspections (now a part of the Department of Economic Development) discriminated against nonwhites in hiring, promotion and other personnel policies. Hearings were held before a three-member Hearing Committee which rendered its report and recommendations *to* the Commissioner for the District of Columbia. The Committee found that the evidence amply supported the charge that the Housing Division had engaged in a pattern of racial discrimination and recommended that employees who suffered as a result of such discrimination be compensated through monetary compensation and/or promotions. Subsequently the Equal Employment Opportunity Officer for the District of Columbia made an independent investigation of the matter and submitted his findings to the Commissioner. He too found a pervasive pattern of racial discrimination and recommended an award of back pay to all nonwhite employees whose promotional opportunities were restricted by racial discrimination, actual promotions for Watkins and three other nonwhite employees, and mandatory reporting procedures and monitoring of the Housing Division to ensure the elimination of discrimination.

The Commissioner, in his report, agreed that the evidence showed a pattern of racial discrimination, but refused to order any relief whatever,

* Of the Supreme Court of the United States, sitting by designation pursuant to 28 U.S.C. § 294 (a) (1970).

finding that conditions which impaired equal employment opportunity in the Department of Licenses and Inspections had already been eliminated. Watkins then brought this class action lawsuit in the District Court to set aside the Commissioner's report and to obtain other appropriate relief. The District Court, after independently reviewing the administrative record, found that the allegations of racial discrimination were fully substantiated by the evidence. The court granted the following affirmative relief: The sum of $32,400 was awarded to 14 named past and·present nonwhite employees of the Housing Division. Two nonwhite employees who had been disciplined by suspension were awarded wages for the period of suspension, and certain records of disciplinary action were ordered removed from the personnel folders of three nonwhite employees. Finally, the Chief of the Bureau of Building, Housing and Zoning was directed to prepare a comprehensive report of steps taken to eliminate the effects of past discrimination and to ensure· nondiscrimination in the future, the report to be given to the Commissioner, and the Commissioner was directed to eliminate any discrimination.

The court declined to grant certain relief requested by Watkins, including immediate promotion for Watkins and another nonwhite employee named Somera, the only two employees who allegedly had been denied promotions because of race and were still employees; rescission of a specific promotion of a white employee; disciplinary action against persons still employees who were found to have perpetrated the system of racial discrimination; and an injunction against further acts of discrimination and retention of jurisdiction. Cross appeals then brought the case to this court.

■ We need not dwell at length on the discriminatory practices alleged to have occurred in the Housing Division. Suffice it to say that the record amply demonstrates that racial discrimination was serious and long-standing, often subtle, yet always pervasive. Indeed, the Commissioner and the Division have conceded that prior·to 1968 racial discrimination in the Division was rampant. The record also supports the District Court's conclusion that all of the 14 named past and present employees of the Housing Division were harmed by the discriminatory promotional policies. The court acted well within its powers in deciding to compensate these individuals for the harm suffered through a back pay award, and the court's method of calculating back pay seems reasonable in light of the consistent and widespread discrimination evidenced in this record. Accordingly we affirm the District Court's damage award.

■ The District Court refused to direct that any particular individuals be promoted to specific jobs within the Division. We agree that the District Court is an inappropriate forum to decide, in the first instance, whether particular employees deserve specific job positions, since it is unclear from the present record what job positions are now available within the Division and whether the particular individuals involved possess the necessary qualifications for those positions. However, those employees who were harmed by past discriminatory practices should be given an opportunity to demonstrate to the same Hearing Committee that initially heard this case, subject to review by the Commissioner and then by the District Court, that they are qualified for promotions to positions now available within the Division. Implicit in the District Court's conclusion that a back pay award was appropriate was a determination that advancement for nonwhite employees had been impeded by racial discrimination, i. e., that qualified nonwhites had been passed over when promotions were granted. Back pay, of course, does not fully alleviate the effects of illegal discrimination on these employees since they are left in the lower paying jobs to which past racial discrimination confined them. Only the combination of a back pay award and an

actual promotion for which he is qualified can fully compensate an employee who has been deprived of equal employment opportunity. Accordingly, the District Court should remand this matter to the Hearing Committee that initially heard it, or to another appropriate administrative forum, to determine the promotional status of employees Watkins and Somera.

The final question in this case concerns the District Court's refusal to issue an injunction against racial discrimination and to retain jurisdiction until all steps had been taken to eliminate the effects of past discrimination and to ensure nondiscrimination in the future. Issuance of an injunction or other equitable relief is normally entrusted to the sound discretion of the District Court, and its decision accordingly merits great deference. The facts of the present lawsuit are such, however, that we believe it was manifestly unjust to deny an injunction and to refuse to retain jurisdiction. Where pervasive racial discrimination is demonstrated, the court has not only the power, but also the duty, to render a decree eliminating the effects of past discrimination and ensuring equal opportunity in the future. Louisiana v. United States, 380 U.S. 145, 154, 85 S.Ct. 817, 13 L.Ed.2d 709 (1965). That there is a new Director of the Housing Division who has taken steps to ensure equal employment opportunity does not justify denying affirmative equitable relief. The period of nondiscrimination since 1968 is very brief compared to the long record of discrimination demonstrated in this case, and even if the new supervisors are entirely in good faith the task of eliminating ingrained discriminatory practices is a difficult one deserving of active judicial support. See United States v. Int. Brhd of Elec. Wkrs, Local No. 38, 6 Cir., 428 F.2d 144, 151, cert. denied, 400 U.S. 943, 91 S.Ct. 245, 27 L.Ed.2d 248 (1970). Appellant Watkins, who has for six years waged an almost single-handed battle against racial discrimination in the Housing Division, deserves a clear response from the courts. See Lankford v. Gelston, 4 Cir., 364 F.2d 197 (1966). He should not have to face the prospect of an entirely new lawsuit should the Division and the Commissioner fail to root out and keep out discrimination.

Accordingly, the judgment of the District Court is affirmed, subject to the following modifications. The District Court is directed to remand the question of the promotional status of employees Watkins and Somera to the Hearing Committee or other appropriate administrative forum. The court is also directed to issue an appropriate order enjoining the Housing Division from further acts of racial discrimination and ordering the Division to take steps necessary to ensure that the effects of past discrimination will be eliminated and that there will be no discrimination in the future, the order to provide that the court will retain jurisdiction to enforce its order.

It is so ordered.