**Joseph T. WATKINS, on behalf of himself and others similarly situated, Appellant,**

v.

**Walter E. WASHINGTON, Mayor for the District of Columbia, et al.**

**No. 74–1316.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 4, 1974.

Decided Feb. 6, 1975.

Rehearing Denied March 10, 1975.

---

Donald V. Watkins, Montgomery, Ala., for appellant.

David P. Sutton, Asst. Corp. Counsel for the District of Columbia, with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel and Richard W. Barton, Asst. Corp. Counsel were on the brief for appellees.

Before BASTIAN, Senior Circuit Judge, and ROBB and WILKEY, Circuit Judges.

**PER CURIAM:**

The appellant Watkins originally brought this action in the District Court alleging racial discrimination in the employment and personnel policies of the Housing Division of the Department of Licenses and Inspections, now the Department of Economic Development, of the District of Columbia, and seeking an award of back pay and declaratory and injunctive relief. The district judge entered judgment awarding back pay and denying all other requested relief. On appeal this court directed the District Court (1) to remand the case for further administrative proceedings on Watkins' promotional status and (2) to enter an order enjoining further racial discrimination by the Housing Division and ordering that steps be taken to eliminate the effects of past discrimination. Watkins v. Washington, 153 U.S.App.D.C. 298, 472 F.2d 1373 (1972).

On remand the district judge on February 28, 1973 entered an order as directed. On August 24, 1973 a hearing committee appointed pursuant to the court's order determined

> that Mr. Watkins is entitled to a GS–12 position in the Housing Division at this time and should be considered for nothing less unless he personally is willing to accept a grade 11.
>
> The panel respectfully requests that this offer of a GS–12 position be offered him, not only because he is qualified for such a position, but because had he not been the object of such discrimination which the court found to be practiced against him, he would have no doubt attained an even higher grade just on his initiative and merit.

Although the committee's recommendation was subject to review by the Commissioner of the District of Columbia, the Director of the District of Columbia Office of Human Rights, Department of Economic Development, voluntarily offered Watkins a GS–11 position on October 15, 1973, which Watkins declined.

On November 26, 1973 Watkins filed a *pro se* motion for enforcement of the order entered by the District Court on remand from this court. Ruling on the

motion, the District Court enjoined the government from offering any position from GS–12 through GS–15 to any person other than Watkins while the hearing committee's recommendation was pending final action. However, the judge denied Watkins' motions for enforcement and discovery in aid of enforcement. Watkins appealed.

During the pendency of the appeal in this court the Commissioner of the District of Columbia on June 13, 1974 issued his final decision approving the hearing committee recommendations and ordering that the Department of Economic Development

1. Promote Mr. Watkins to the position of GS–11 Housing Improvement Specialist, now available in the Housing Division.
2. Offer Mr. Watkins the next available GS–12 position in the Housing Division.

On July 19, 1974 Watkins was appointed to the GS–12 position of Supervisory Housing Improvement Specialist.

Watkins suggests that the government has delayed in complying with the District Court's order remanding the case for further administrative proceedings regarding his promotional status. The government answers that Watkins is himself responsible for the delay. Our examination of the record indicates that the government is correct. The order entered February 28, 1973 required that a hearing panel be convened within thirty days. Such a panel was convened, the membership being designated jointly by the government and Watkins through his attorney. Watkins, however, was dissatisfied with the panel, and on April 4, 1973 informed the government counsel that he had dismissed his counsel and wished a new panel appointed. There is no indication that the government delayed in appointing a new panel suitable to Watkins, that the panel delayed in making its recommendations, or that the Commissioner delayed in issuing his final decision.

Watkins charges for the first time on this appeal that a GS–12 position was vacant both at the time the hearing committee issued its recommendation and at the time he brought his motion for enforcement, and that the government did not disclose the existence of the vacancy. In support of this contention Watkins filed in this court an affidavit by one Victor Brown who was designated by Watkins to sit on the hearing committee. On the other hand the record contains an affidavit by George Stover, Personnel Officer for the Department of Economic Development, stating that no such position was vacant at the time the hearing committee issued its recommendations, or at any time since. This factual dispute cannot be resolved in this court.

■ Watkins argues that even if no positions higher than the GS–11 position he refused were vacant at the time he brought his motion for enforcement, positions could have been made available by reclassification under 5 U.S.C. § 5107, by an ad hoc adjustment of pay and other benefits, or by a supplemental stipend to be paid out of funds received from philanthropic sources. We think none of these suggestions is feasible. In any case the argument has been mooted by Watkins' appointment to a GS–12 position.

■ Watkins argues that his promotion should be retroactive to the time he filed his original action and that he should be awarded back pay from that date. We think this is not required, either by our previous decision, or by the District Court's order of February 28, 1973, or by the recommendations of the hearing committee as approved by the Commissioner. Under the District Court's original judgment entered in this case Watkins has received back pay for the time during which the Housing Division discriminated against him. He has been promoted to the first vacant GS–12 position, as recommended by the hearing committee and Commissioner. He has accordingly received all the relief to which he is entitled under his original action and the judgment entered therein which he now seeks to have enforced.

In summary, Watkins argues that the district judge abused his discretion by his ruling on the motion to enforce judgment. We do not agree.

The judgment is affirmed.