Taxes; income tax; inclusion in gross income; back pay award for racial discrimination. — On April 11, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Nichols and Kashiwa, Judges.
This income tax refund case is before us on the parties’ cross-motions for summary judgment. Plaintiffs-taxpayers, Joseph T. Watkins and (Mrs.) Johnnie S. Watkins, seek a refund of income taxes and assessed interest of $874.23 for the year 1973 plus interest as provided by law. Mrs. Watkins is a party solely because they filed a joint return. The precise legal question before us is whether a payment of $3,634.47 which taxpayer Joseph T. Watkins received from his employer pursuant to court order was reportable as gross income under Section 61(a)(1) of Internal Revenue Code of 1954 (26 U.S.C.) or excludable as personal injury damages under Section 104(a)(2) of the Code. For reasons asserted below, we conclude that the $3,634.47 was gross income because it was a backpay award. Thus, we grant defendant’s motion for summary judgment.
In 1973, taxpayer (hereinafter taxpayer refers solely to Joseph Watkins) received a payment of $3,634.47 from his employer, the District of Columbia Government, in complete satisfaction of a judgment rendered by the United States District Court for the District of Columbia. Watkins v. Washington, 5 CCH 1973 Employment Practices (Decisions) ¶ 8479 (D.C.D.C. Feb. 28, 1973). This monetary award was the result of the court’s decision that taxpayer and other members of the class were the victims of racially discriminatory employment practices in promotion and *732 transfer of nonwhite employees of the District of Columbia Government.
The Internal Revenue Service concluded that the court award was reportable as gross income. After allowing a deduction under Section 212 for legal expenses incurred with respect to the prosecution of the District Court action, the Service increased taxpayer’s taxable income by $2,534.47 and assessed additional tax and interest in the amount of $874.23 on July 4, 1977. Taxpayer was credited with payment of the assessed liability on July 18, 1977.
Taxpayer now asserts that the District Court award, in its entirety, was not gross income because under Section 104(a)(2) it represented damages received on account of personal injuries. Taxpayer further argues that this amount was not a backpay award because there was no actual promotion to a specific position and backpay must be calculated on the pay of a specific position.
In opposition, defendant argues that in this case, the $3,634.47 was compensation for loss of income or wages, i.e., backpay, and thus includable under Section 61(a)(1). We agree with defendant.
In his complaint before the District Court, taxpayer alleged that "the plaintiff and other non-white employees * * * have suffered and will continue to suffer loss of income from lack of promotion and transfer opportunities.” [Emphasis supplied.] In its original decision, the District Court, referring to plaintiffs and other members of the class, stated:
There are some employees in the Division, however, whose advancement has been demonstrably impeded by racial discrimination. To compensate for this injury, the Court will direct that the sum of $32,400 be paid to the fourteen persons listed in Appendix E to the Complainant’s Proposed Enforcement Order, the sum to be divided pro rata among these persons according to the "period of compensation” as determined by Complainants and set forth in that Appendix. [Watkins v. Washington, 3 CCH 1971 Employment Practices Decisions ¶ 8291, p. 6986 (D.C. D.C., July 8, 1971.]
*733 While it is true that the District Court did not order taxpayer to be promoted, it did order the following hearing to be convened in its 1973 decision:
The hearing panel shall be convened within 30 days of the date of this Order, and Mr. Watkins * * * shall be afforded the opportunity to appear before the panel for the purpose of representing [his] qualifications and experience for any positions currently available within the Housing Division of the Department of Economic Development. At such time as suitable positions commensurate with the qualifications and experience established above are determined to be available, Mr. Watkins * * * shall be immediately offered such positions. [Watkins v. Washington, 5 CCH 1973 Employment Practices Decisions ¶ 8479 (D.C. D.C., Feb. 28, 1973.]
Finally, the Court of Appeals, in its affirmance of the District Court’s money award to taxpayer and the other class members stated:
The court acted well within its powers in deciding to compensate these individuals for the harm suffered through a back pay award, and the court’s method of calculating back pay seems reasonable * * *. [Emphasis supplied.] [Watkins v. Washington, 472 F.2d 1373, 1375 (D.C. Cir. 1972).]
We think the conclusions that taxpayer sought and was awarded backpay by the courts must be embraced. Thus, the $3,634.47 was properly included in taxpayer’s gross income. Taxpayer is not entitled to a refund in this case.
Upon consideration of the record and briefs, but without oral argument, it is therefore ordered that plaintiffs’ motion for summary judgment is denied and defendant’s motion for summary judgment is granted, and the petition is dismissed.