## HALLOWELL *v.* COMMONS, ACTING INDIAN AGENT.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 135. Submitted December 15, 1915.—Decided January 10, 1916.

Under the act of June 25, 1910, the Secretary of the Interior has power to ascertain the legal heirs of an allottee Omaha Indian dying during the period in which an allotment made to him under the act of August 7, 1882, was held in trust, and the decision of the Secretary is final and conclusive.

Congress, by the act of June 25, 1910, restored to the Secretary of the Interior the power taken from him by the Acts of 1894 and 1901 to determine the heirs of allottee Indians dying during the trust period, making his jurisdiction exclusive with no exceptions for pending litigation.

The rule that the repeal of a statute does not extinguish liability incurred thereunder *held,* not applicable to the statute in this case which simply changes the tribunal to hear the case and takes away no substantive rights.

Congress in its plenary control of Indians has power to pass the act

of June 25, 1910, vesting in the Secretary of the Interior the determination of heirs of allottee Indians dying within the trust period; the act evinces a change of policy on the part of Congress, and its opinion as to the better manner in which the rights of the Indians can be preserved.

Even though the District Court may have had jurisdiction of a suit to determine the heirs of an allottee Omaha Indian who died during the trust period when this suit was commenced, it has no jurisdiction since the passage of the act of June 25, 1910, vesting exclusive jurisdiction in the Secretary of the Interior to ascertain such heirs.

210 Fed. Rep. 793, affirmed.

THE facts, which involve the jurisdiction of the District Court of the United States of a suit affecting title to an allotment made under the Act of August 7, 1882, to a member of the Omaha Tribe of Indians, are stated in the opinion.

*Mr. Assistant Attorney General Knaebel* for appellant.

*Mr. Hiram Chase* and *Mr. William Ross King* for appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill to establish the equitable title of the plaintiff to an allotment made to Jacob Hallowell, deceased, a member of the Omaha Tribe, in accordance with §§ 5, 6, of the act of August 7, 1882, c. 434, 22 Stat. 341. The patent to Jacob Hallowell followed the language of § 6 and declared that the United States would hold his land for the period of 25 years in trust for the sole use of the allottee, 'or in case of his decease, of his heirs according to the laws of the State of Nebraska.' The plaintiff says that he is the sole heir as against various other claims set forth in the bill. We do not go into further particulars as we are of opinion that the Circuit Court of Appeals was right in holding that the District Court had no

jurisdiction of the case. 210 Fed. Rep. 793. 127 C. C. A. 343.

It is unnecessary to consider whether there was jurisdiction when the suit was begun. By the act of June 25, 1910, c. 431, 36 Stat. 855, it was provided that in a case like this of the death of the allottee intestate during the trust period the Secretary of the Interior should ascertain the legal heirs of the decedent and his decision should be final and conclusive; with considerable discretion as to details. This act restored to the Secretary the power that had been taken from him by acts of 1894 and February 6, 1901, c. 217, 31 Stat. 760. *McKay* v. *Kalyton*, 204 U. S. 458, 468. It made his jurisdiction exclusive in terms, it made no exception for pending litigation, but purported to be universal and so to take away the jurisdiction that for a time had been conferred upon the courts of the United States. The appellee contends for a different construction on the strength of Rev. Stats., § 13, that the repeal of any statute shall not extinguish any liability incurred under it, *Hertz* v. *Woodman*, 218 U. S. 205, 216, and refers to the decisions upon the statutes concerning suits upon certain bonds given to the United States. *United States Fidelity & Guaranty Co.* v. *United States*, 209 U. S. 306. But apart from a question that we have passed, whether the plaintiff even attempted to rely upon the statutes giving jurisdiction to the courts in allotment cases, the reference of the matter to the Secretary, unlike the changes with regard to suits upon bonds, takes away no substantive right but simply changes the tribunal that is to hear the case. In doing so it evinces a change of policy, and an opinion that the rights of the Indians can be better preserved by the quasi-paternal supervision of the general head of Indian affairs. The consideration applies with the same force to all cases and was embodied in a statute that no doubt was intended to apply to all, so far as construction is concerned.

There is equally little doubt as to the power of Congress to pass the act so construed. We presume that no one would question it if the suit had not been begun. It is a strong proposition that bringing this bill intensified, strengthened or enlarged the plaintiff's rights, as suggested in *De Lima* v. *Bidwell*, 182 U. S. 1, 199, 200. See *Simmons* v. *Hanover*, 40 Pick. 188, 193, 194. *Hepburn* v. *Curts*, 7 Watts, 300. *Welch* v. *Wadsworth*, 30 Connecticut, 149, 154. *Atwood* v. *Buckingham*, 78 Connecticut, 423. The difficulty in applying such a proposition to the control of Congress over the jurisdiction of courts of its own creation is especially obvious. See *Bird* v. *United States*, 187 U. S. 118, 124. In any event the rights of the Indians in this matter remained subject to such control on principles that have been illustrated in many ways. See *Tiger* v. *Western Investment Co.*, 221 U. S. 286; *Hallowell* v. *United States*, 221 U. S. 317.

The decision of the Circuit Court of Appeals in this case is in accord with such earlier decisions as we have seen. *Bond* v. *United States*, 181 Fed. Rep. 613; *Pel-ata-yakòt* v. *United States*, 188 Fed. Rep. 387; *Parr* v. *Colfax*, 197 Fed. Rep. 302.

*Decree dismissing the bill for want of jurisdiction affirmed.*