### QUINN v. CALIFORNIA SHIPBUILDING CORPORATION et al.

### No. 6340.

District Court, S. D. California, C. D.

Sept. 22, 1947.

Edward Feldman and James Wolf, both of Los Angeles, Cal., for plaintiffs.

Thelen, Marrin, Johnson & Bridges, of Los Angeles, Cal., for defendant California Shipbuilding Corp.

HALL, District Judge.

The complaint herein was filed January 24, 1947, under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

The first cause of action is based entirely on the now familiar "Portal to Portal" claims.

The second cause of action sounds in contract which allegedly required additional compensation for time worked by plaintiffs in excess of eight hours per day and forty hours per week. It alleges plaintiffs worked in excess of such requirements without either giving the nature and character of their basic work, or such excess work, the date of the contract, or the dates of any period of employment or work by all or any of the plaintiffs.

Motions to dismiss were filed and by stipulation were continued from time to time until after the passage of the Portal-to-Portal Act on May 14, 1947, 29 U.S.C.A. § 251 et seq. Thereafter on May 16, 1947 a new motion to dismiss was filed incorporating the ground of jurisdictional lack, because of the provisions of the Portal-to-Portal Act, and reasserting the attack upon the Second Cause of Action on the ground of lack of diversity and jurisdictional amount.

It is that motion which is now here for decision:

■ First: That the United States District Court is a court of limited jurisdiction controlled by grants of power through acts of Congress, is a proposition so well recognized that it should need no buttressing of cited cases. That the power to grant jurisdiction to the District Courts includes the power to withdraw jurisdiction is likewise settled, and has been reaffirmed repeatedly by the United States Supreme Court in many cases, among them being Hallowell v. Commons, 239 U.S. 506, 36 S. Ct. 202, 60 L.Ed. 409; Kline et al. v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Lockerty et al. v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339.

■ It follows that the provisions of the Portal-to-Portal Act withdrawing jurisdiction of the matters therein specified are Constitutional.

■ Second: And the allegations of the First Cause of Action show a state of facts specified in the Portal-to-Portal Act as being withdrawn from the jurisdiction of this Court.

Jurisdiction must affirmatively appear from the pleading. If this were not so, and the alternative contended by plaintiffs were the rule, then the courts would have to await the conclusion of all trials before passing on that question, which is the first one present in every case in the Federal Courts. And the courts and litigants would be burdened with excessive and needless litigation, which is one of the matters of paramount public right and interest Congress declared in Section 1 of the Portal-to-Portal Act should be avoided.

If facts exist which give jurisdiction, it takes no trouble to state them. A law suit should not be a game to see how far the rules of simplified pleading permitted by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, can be stretched.

The motion to dismiss the first cause of action is granted and plaintiff has 30 days to amend, failing which a final judgment of dismissal will be entered.

Inasmuch as plaintiffs must amend, it will be better to await their amendment before passing on the motions to dismiss the second cause of action.