Irvin FILLINGER et al.,
Plaintiffs-Appellants,

v.

The CLEVELAND SOCIETY FOR the BLIND et al., Defendants-Appellees.

No. 76–1866.

United States Court of Appeals,
Sixth Circuit.

Jan. 18, 1979.

Steven A. Sindell, Sindell, Lowe & Guidubaldi, Cleveland, Ohio, for plaintiffs-appellants.

William H. Wallace, Thompson, Hine & Flory, Cleveland, Ohio, for Cleveland Society and Dolan.

James T. Crowley, William J. Brown, Atty. Gen. of Ohio, Columbus, Ohio, Rodney B. Teague, Columbus, Ohio, for Rehabilitation Services.

Before CELEBREZZE, ENGEL and MERRITT, Circuit Judges.

## ORDER DENYING PETITION FOR REHEARING

Defendants seek a rehearing of our earlier order in this case. They list five points. F.R.App.P. 40(a). We deny the petition for rehearing. Since, however, our opinion decided the case on grounds not raised or argued by the parties, we will briefly address defendants' contentions.

First, defendants claim that it was not within our power to order the district court to retain jurisdiction of this case while the plaintiffs pursue administrative and arbitration remedies under the 1974 amendments to the Randolph-Sheppard Act, 20 U.S.C. §§ 107d–1, 107d–2 (1976). In essence, defendants argue that the provisions of the 1974 amendments which provide for judicial review of "a final agency action" divested the district court of jurisdiction to consider this suit which had been filed before passage of the 1974 legislation. Thus, defendants contend that federal court jurisdiction can only be had on review of a final agency action as defined by the statute. We do not accept this proposition.

Congress can make exhaustion of administrative remedies an absolute prerequisite to federal court jurisdiction. *Hallowell v. Commons*, 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409 (1916). *See also Montgomery v. Rumsfeld*, 572 F.2d 250, 252–54 (9th Cir. 1978). Such a statute here would arguably prevent the retention of federal jurisdiction pending completion of the administrative and arbitrational processes despite the fact that jurisdiction existed at the time the complaint was filed. *Hallowell v. Commons, supra*, 239 U.S. at 508–09, 36 S.Ct. 202.

■ We do not find any such statutory bar to the retention of federal jurisdiction in this case. The "final agency action" on which § 107d-2 of the Randolph-Sheppard Act premises judicial review is, by the terms of the statute, to be construed under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–703 (1976). We believe that, under the APA, "final agency action" is not a statutory prerequisite to federal jurisdiction; rather, it is a more flexible concept which acts as a restraint on the assumption of jurisdiction in keeping with the policies of comity and separation of powers embodied in the judicially developed doctrine of exhaustion of remedies. *Montgomery v. Rumsfeld, supra* at 253 n. 3; *United States v. Consolidated Mines & Smelting Co.*, 455 F.2d 432, 439–40 (9th Cir. 1971). *Cf. McKart v. United States*, 395 U.S. 185, 192–201, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) (Criminal defendant under Universal Military Training and Service Act can raise as a defense the invalidity of his draft classification despite the fact that he has not fully exhausted administrative challenges to the classification.) Consequently, we do not believe that either the 1974 Randolph-Sheppard amendments or the APA can be considered to act as a congressional bar to the retention of federal jurisdiction in this case.

It is not unusual for federal courts to retain jurisdiction after referring a case for arbitration. See the analogous provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1–13 (1976), especially 9 U.S.C. § 3, which provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration . . . the court in which such suit is pending . . . shall . . . stay the trial of the action until such arbitration has been had . . . .

The order we have issued in this case contemplates similar proceedings.

■ Defendants' second assertion is that many of the plaintiffs lack standing to sue under the Randolph-Sheppard Act because they do not operate vendor facilities "within the purview of the statute." The Dis-

trict Court did not rule on this question. The question should first be determined in administrative and arbitration proceedings. A final agency ruling on this question is, of course, reviewable in the district court.

■ Defendants' third contention is that the Randolph-Sheppard Act does not contemplate a class action remedy, and, therefore, that plaintiffs must be required to proceed as individuals in the administrative and arbitration proceedings. This question likewise seems best suited for initial determination by the administrative body and arbitration panel charged with primary responsibility for construction of the statute.

■ Defendants' fourth claim is that the plaintiffs should be barred from seeking relief on the grounds of laches and estoppel. Defendants argue that the plaintiffs were required to pursue administrative remedies even under the pre-1974 Randolph-Sheppard Act and that plaintiffs' failure to do so should, in equity, prevent their pursuit now. We see nothing in the 1974 amendments to prevent the defendants from raising these questions initially in administrative proceedings.

Finally, defendants ask us to clarify the effect of our order on plaintiffs' claim under 42 U.S.C. § 1983 (1976). The fact dispute underlying plaintiffs' § 1983 claim is closely related factually to their claims under the Randolph-Sheppard Act and is subject to arbitration. It is likely that any arbitration decision will include the dispute on which the § 1983 claim is based. Our order reversed the dismissal order of the district court and directed that the proceedings on the § 1983 claim are to be stayed pending the outcome of the administrative and arbitration process. *See Simmons v. Wetherell*, 472 F.2d 509 (2d Cir.), *cert. denied*, 412 U.S. 940, 93 S.Ct. 2777, 37 L.Ed.2d 399 (1973); *Watkins v. Washington*, 153 U.S.App.D.C. 298, 472 F.2d 1373 (1972).

Accordingly, the defendants' petition for rehearing is denied.