**Winston J. SMITH, Plaintiff,**

v.

**Ruth T. PROKOP, etc., Defendant.**

**No. C79–648.**

United States District Court,
N. D. Ohio, E. D.

Sept. 9, 1980.

Alan S. Belkin, Shapiro, Turoff & Gisser, Cleveland, Ohio, for plaintiff.

Dale F. Kainski, Asst. U. S. Atty., Cleveland, Ohio, for defendant.

## MEMORANDUM

BEN C. GREEN, Senior District Judge:

Plaintiff had been an employee of the United States Postal Service (USPS) and was discharged from that employment. He asks this Court to order the Merit Systems Protection Board, as the successor to the Civil Service Commission, to hear the merits of his appeal of that dismissal.

Defendant Ruth Prokop, the chief administrative officer of the Board, has moved this Court to dismiss the complaint for failure to state a claim upon which a relief could be granted. Attached to the motion to dismiss and to the response thereto were several affidavits and exhibits not part of the pleadings. Therefore, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, this Court will consider the motion to dismiss as a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure.

The material facts are not in dispute. Plaintiff was a "preference eligible" employee of the USPS as defined in 5 U.S.C. §§ 2108 and 7701. As a preference–eligible employee, plaintiff was entitled (1) to notice of the USPS' intent to suspend or remove him at least 30 days prior to the effective date of such action, (2) the reason for such intended action, (3) the opportunity to answer the charges personally or in writing, and (4) not to be suspended or discharged unless such action would "promote the efficiency of the service."

On March 17, 1976, plaintiff received a notice from his supervisor that the USPS proposed to discharge him 30 days thereafter for threatening bodily injury to another supervisor in a dispute over a paycheck. The March 17 notice informed him of his right (1) to answer the charge personally or in writing, and (2) to file a grievance through the grievance–arbitration procedures in his collectively–bargained contract. The notice further informed plaintiff that the grievance had to be filed within 14 days of the receipt of the notice. Plaintiff did answer the charge, but did not initially file a grievance.

By letter dated March 30, 1976, plaintiff was informed by the manager of employee relations that he was to be removed from the employ of the USPS on April 18, 1976 because of the threats disclosed in the March 17 notice. The March 30 letter specifically noted plaintiff's right to appeal the dismissal to the Civil Service Commission immediately, "but no later than 15 days after April 18, 1976."

Plaintiff filed a grievance through his collective bargaining representative on April 12, 1976. It was rejected by the USPS as being untimely. The union took the grievance to the second step, where the USPS again rejected it as untimely, by letter dated April 30, 1976.

On May 8, 1976, the president of plaintiff's union local wrote the Civil Service Commission, notifying it of plaintiff's intent to appeal the dismissal. The letter was received by the Commission on May 11, 1976.

By decision dated February 25, 1977, the Commission rejected the appeal as untimely filed. The decision held the appeal to have been filed on the seventeenth day after the effective date of removal. It held such a filing to be untimely pursuant to 5 C.F.R. § 752.203, which required in 1976 that appeals to the Commission be made not later than 15 days after the effective date of the action appealed from. The Commission searched its regulations to find an exception under which it could consider the merits. Finding none, it declined to accept the appeal for adjudication.

This action to review the Civil Service Commission's order was filed on April 6, 1979. This Court has jurisdiction to hear and decide the case pursuant to 28 U.S.C. § 1331(a).[1]

▮ In her motion to dismiss, defendant alleges this Court's lack of jurisdiction because defendant has failed to exhaust his administrative remedies. This allegation is without merit. It is true that an untimely appeal to the Civil Service Commission will constitute a failure to exhaust administrative remedies which will bar district court consideration of the merits of the dismissal. But dismissal by the Commission for failure to file in a timely manner does not bar a district Court from inquiring into the timeliness of the appeal. *Gernand v. United States*, 412 F.2d 1190 (Ct.Cl., 1969).

Plaintiff alleges in his complaint that he was given a statutory right to appeal his dismissal under 5 U.S.C. § 7701, which provided in 1976 that appeals could be filed "within a reasonable time after receipt of the adverse decision." He alleges that the Commission erred in adopting the 15–day requirement in 5 C.F.R. § 752.203:

> . . . an inflexible time period which fail[s] to determine from the facts and circumstances surrounding plaintiff's notice of appeal whether such was filed within a "reasonable time . . . ."

Therefore, plaintiff claims, the Commission acted in a manner not in accordance with and inconsistent with the statute, and that the regulation is invalid.

This Court notes that § 7701(j) provides the Civil Service Commission with the authority to "prescribe regulations to carry out the purposes of this statute."

▮ Where Congress has by statute given an administrative agency the authority to adopt regulations to carry out the purposes of the act, the validity of the regulations thus adopted will be presumed. *Mourning v. Family Publications*, 411 U.S. 356, 369, 93 S.Ct. 1652, 1660–1661, 36

---

1. This jurisdiction exists notwithstanding the enactment, in 1978, of 5 U.S.C. § 7703, which requires appeals from the Merit Systems Protection Board to be filed with the Court of Claims or Court of Appeals. Changes in procedural rules normally will affect cases in progress. *Thorpe v. Housing Authority of Durham*, 393 U.S. 268, 281, 89 S.Ct. 518, 525–526, 21 L.Ed.2d 474 (1969); *Hallowell v. Commons*, 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409 (1916).

Congress chose, however, to require all civil service cases commenced prior to the January 11, 1979 effective date of § 7703 to be heard and decided under prior law. 5 U.S.C. § 1101. A case will be considered "commenced" if any administrative action preceded the effective date of the statute. *Glenn v. Merit Systems Protection Board*, 616 F.2d 270, 271 (C.A. 6, 1980); see *Kyle v. I. C. C.*, 609 F.2d 540, 542 (C.A., D.C., 1980).

L.Ed.2d 318 (1972); *Fletcher v. Housing Authority of Louisville*, 491 F.2d 793, 800 (C.A. 6, 1974). Such regulations are entitled to great deference if there is any rational relationship to the enabling legislation. *Local 2047 v. General Defense Supply Co.*, 423 F.Supp. 481, 485, (E.D.Va., 1976), aff'd 573 F.2d 184 (C.A. 4, 1978); see *Griggs v. Duke Power Co.*, 401 U.S. 424, 433–34, 91 S.Ct. 849, 854–855, 28 L.Ed.2d 158 (1971).

■ The party attacking the regulations carries the burden of establishing that it is inconsistent with the statute it implements. *Mourning*; *Fletcher*; *Local 2407, supra.*

■ Statutes or rules which establish time limitations on the bringing of actions or the taking of appeals "are favored in the law." *United Airlines v. McDonald*, 432 U.S. 385, 401, 97 S.Ct. 2464, 2473, 53 L.Ed.2d 423 (Powell, J., dissenting, 1977), quoting *Wood v. Carpenter*, 101 U.S. 135, 139, 25 L.Ed. 807 (1879). While free access to adjudicative bodies is fundamental to our system of justice, so too is the principle that "there must be an end to litigation someday." *Ackermann v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950).

Thus, as the Supreme Court said in *Browder v. Director, Illinois Department of Corrections*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978), rules which command that an appeal be taken within a definite period of time:

> . . . set a definite point . . . when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed from appellant's demands.

■ To accomplish their purpose, rules and statutes which place a time limitation on the taking of appeals will have their desired effect only if they are established in advance and made available to prospective litigants. This is no less true when an administrative agency is involved.

■ Litigants are "entitled to have notice of the standards and procedures which regulate [their] relationship" with an agency. Action taken "cannot be left to administrative improvisation on a case–by–case basis." *Gonzalez v. Freeman*, 334 F.2d 570, 578 (C.A., D.C., 1974).

Therefore, while "there must be an end to litigation someday," the parties are entitled to know in advance when that time has arrived.

■ For that reason, when an administrative agency has failed to define by regulation what it considers to be a "reasonable time" the courts will require it to do so. *Blankenship v. Secretary of H. E. W.*, 587 F.2d 329 (C.A. 6, 1978).

■ The Civil Service Commission has thus acted in full accord with the controlling principles when it promulgated the 15–day period of which plaintiff complains. This Court sees no inconsistency between the statute and the regulation. Congress has shown a "strong . . . [concern for] the procedural mechanism for enforcing . . ." civil service rights, *Arnett v. Kennedy*, 416 U.S. 134, 152, 94 S.Ct. 1633, 1643, 40 L.Ed.2d 15 (1974), and the Commission has echoed this concern in its regulations.

Plaintiff has clearly not met his burden of showing how the regulation would otherwise be in conflict with the controlling statute. He has not shown how it is unrelated to the purpose of the act or that it is unreasonable.

Therefore, defendant is entitled to a judgment as a matter of law, and the complaint will be dismissed.