Harold WILLIAMS, Petitioner,

v.

Jimmy STEGALL, Respondent.

No. 95–CV–73183–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 29, 1996.

Harold Williams, New Haven, MI, in pro. per.

Frank J. Kelley, Attorney General for the State of Michigan by Brad H. Beaver, Assistant Attorney General, Lansing, MI, for respondent.

*ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S HABEAS CORPUS ACTION*

ROSEN, District Judge.

This matter having come before the Court on the August 19, 1996 Report and Recommendation of United States Magistrate

Judge Paul J. Komives recommending that the Court deny Plaintiff's petition for a writ of habeas corpus, and that this case, accordingly, be dismissed; and Petitioner having timely filed Objections to the Magistrate's Report and Recommendation; and the Court having reviewed the Magistrate Judge's Report and Recommendation, Petitioner's Objections thereto, and the Court's file of this action and having concluded that, for the reasons stated in the Report and Recommendation, Plaintiff's petition for habeas corpus relief should be denied; and the Court being otherwise fully advised in the premises,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation of August 19, 1996 be, and hereby is, adopted by this Court.

IT IS FURTHER ORDERED that, for the reasons set forth in the Magistrate Judge's Report and Recommendation, Plaintiff's petition for habeas corpus relief be, and hereby is DENIED and the above-captioned case, therefore, is DISMISSED without prejudice to Plaintiff's refiling of his petition if the necessary order authorizing said refiling is obtained from the United States Court of Appeals for the Sixth Circuit.

### REPORT AND RECOMMENDATION

KOMIVES, United States Magistrate Judge.

I. *RECOMMENDATION:* The Court should dismiss petitioner's application for the writ of habeas corpus for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), (h)(3), and 28 U.S.C. § 2244(b)(3)(A). This dismissal should be without prejudice to refiling his petition if the necessary order is obtained from the United States Court of Appeals for the Sixth Circuit.

II. *REPORT:*

A. *Procedural History*

1. Petitioner Harold Williams is a state prisoner, currently confined at Macomb Correctional Facility in New Haven, Michigan.

2. On August 31, 1976, petitioner was convicted of first degree murder in violation of MICH.COMP.LAWS § 750.316 following a jury trial in Detroit Recorders Court. On September 9, 1976, he was sentenced to a term of life imprisonment.

3. Following several years of post-conviction appeals and proceedings in the state courts, petitioner filed a petition for writ of habeas corpus in this U.S. District Court for the Western District of Michigan in August, 1985, asserting three grounds for relief: (1) ineffective assistance of counsel; (2) denial of Fifth Amendment right to remain silent; and (3) deprivation of due process by admission of inflammatory character evidence. The petition was dismissed on the merits. *Williams v. Koehler,* No. M85–246 CA (W.D.Mich. Apr. 28, 1986).

4. Petitioner filed the instant petition for habeas corpus on August 11, 1995. He raises three grounds for relief: (1) deprivation of Sixth Amendment right to confront witnesses by failure of state to produce all known res gestae witnesses; (2) deprivation of due process by state court's denial of his motion for new trial based on newly discovered evidence; and (3) prosecutorial suppression of favorable or exculpatory evidence.

5. Respondent filed an answer on May 14, 1996, contending that the petition should be dismissed as an abuse of the writ pursuant to 28 U.S.C. § 2254 Rule 9(b).

B. *Subject Matter Jurisdiction Over the Petition*

Before addressing the merits of the parties' arguments, the Court must first consider whether it has jurisdiction over the subject matter of the petition.

1. *Subject Matter Jurisdiction Generally and Appropriateness of Sua Sponte Consideration*

■ Although neither party raises the issue, it is appropriate for the Court to consider it *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the constitution. Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *see, Owen Equipment & Erec-*

*tion Co. v. Kroger,* 437 U.S. 365, 377 n. 21, 98 S.Ct. 2396, 2404 n. 21, 57 L.Ed.2d 274 (1978) (because subject matter jurisdiction goes to the power of the court, parties may not waive it); *Jackson v. Ashton,* 33 U.S. (8 Pet.) 148, 149, 8 L.Ed. 898 (1834) (same).

As various courts have noted, "[f]ederal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress. pursuant thereto." *Marine Equip. Management Co. v. United States,* 4 F.3d 643, 646 (8th Cir. 1993); *see also, Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986); *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803).

### 2. Subject Matter Jurisdiction Over A Successive Petition

■ As a general matter, "[t]he district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, this general federal question jurisdiction statute is subject to limitations contained in other statutory schemes.

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996). In relevant part, the law amended the procedure for dealing with second or successive petitions for writ of habeas corpus filed by a state prisoner. Under the law,

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

■ There is no question that this is petitioner's second application for writ of habeas

corpus, and that he has not obtained the necessary order from the United States Court of Appeals for the Sixth Circuit. Therefore, to the extent that the AEDPA applies to this petition, it should be "dismissed without prejudice to refiling if petitioner obtains the necessary order." *Harris v. Rocha,* No. C 96–1616 VRW, 1996 WL 345605, at *1 (N.D.Cal. June 5, 1996) (order). However, because petitioner's application was already filed and pending at the time the AEDPA became effective, the Court must consider whether the AEDPA applies to petitioner's application retroactively.[1]

### 3. Retroactive Application of the AEDPA to Petitioner's Pending Application

■ *Landgraf v. USI Film Prods., Inc.,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), provides considerable guidance on this issue. In *Landgraf,* the Court noted that the general rule of statutory interpretation is that, absent contrary indication from Congress, a statute should not be given retroactive effect. *Id.* at —— & n. 26, 114 S.Ct. at 1500 & n. 26. However, the Court went on to note that

[w]e have regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed.... Present law normally governs in such situations because jurisdictional statutes "speak to the power of the court rather than to the rights or obligations of the parties."

*Id.* at ——–——, 114 S.Ct. at 1501–02 (quoting *Republic Nat'l Bank of Miami v. United States,* 506 U.S. 80, 98–99, 113 S.Ct. 554, 565, 121 L.Ed.2d 474 (1992) (Thomas, J., concurring)). As Justice Scalia, concurring in the judgment, reasoned:[2]

---

**1.** No court has directly addressed this issue, although in *Williams v. Calderon,* 83 F.3d 281 (9th Cir.1996), the court assumed without discussion that the AEDPA did not apply to habeas petitions filed before the effective date of the act. *Id.* at 285. However, because this conclusion conflicts with the Supreme Court's retroactivity jurisprudence, as discussed below, the Court should decline to follow *Williams.*

**2.** *Landgraf* was considered at the same time as *Rivers v. Roadway Express, Inc.,* 511 U.S. 298, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994), which raised similar issues. Justice Scalia concurred in the judgment in both cases, and his opinion follows the *Rivers* opinion, beginning at 511 U.S. 286, 114 S.Ct. 1522, 128 L.Ed.2d 229.

[T]he purpose of provisions conferring or eliminating jurisdiction is to permit or forbid the exercise of judicial power—so that the relevant event for retroactivity purposes is the moment at which that power is sought to be exercised. Thus, applying a jurisdiction-eliminating statute to undo past judicial action would be applying it retroactively; but applying it to prevent any judicial action after the statute takes effect is applying it prospectively.

*Id.* at ——, 114 S.Ct. at 1525 (Scalia, J., concurring in the judgment); *see also Scheidemann v. Immigration and Naturalization Serv.,* 83 F.3d 1517, 1522 (3d Cir. 1996); *Princz v. Federal Republic of Germany,* 26 F.3d 1166, 1170–71 (D.C.Cir.1994). The reasoning of both the Court and Justice Scalia is based on a long line of cases holding that statutes eliminating a court's jurisdiction divest the court of jurisdiction over pending cases as well as later filed ones. *E.g., Bruner v. United States,* 343 U.S. 112, 116–17 & n. 8, 72 S.Ct. 581, 584–85 & n. 18, 96 L.Ed. 786 (1952); *Hallowell v. Commons,* 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409 (1916); *The Assessors v. Osbornes,* 76 U.S. (9 Wall.) 567, 575, 19 L.Ed. 748 (1869); *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868); *Insurance Co. v. Ritchie,* 72 U.S. (5 Wall.) 541, 544–45, 18 L.Ed. 540 (1866); *King v. Justices of the Peace of London,* 97 Eng.Rep. 924 (K.B. 1764).

The decision of the Court of Appeals for the Second Circuit in *Hincapie–Nieto v. Immigration & Naturalization Serv.,* 92 F.3d 27 (2d Cir.1996), is persuasive. In *Hincapie–Nieto,* the court considered whether section 440(a) of the AEDPA applied to a petition filed before the effective date of the act. Section 440(a) amended section 106(a)(10) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1105a(a)(10). Prior to the adoption of the AEDPA, section 106(a)(10) of the INA provided that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." Section 440(a) of the AEDPA amended this section to provide that a final order of deportation based on certain criminal offenses is "not subject to review by any court."

The petitioner in *Hincapie–Nieto* filed his petition for review prior to the effective date of the AEDPA, pursuant to section 106(a)(10) of the INA as it then existed. The court, relying on *Landgraf,* concluded that it lacked jurisdiction to consider the petition based on the intervening amendment section 106(a)(10) of the INA by section 440(a) of the AEDPA. The court reasoned:

> The language of *Landgraf* and its explicit reliance on *Hallowell* make it clear that section 440(a) of the AEDPA may be applied to remove our pre-existing jurisdiction over petitions for review filed before the Act's effective date by those aliens whose offenses are covered by amended section 106(a)(10) of the INA.

*Hincapie–Nieto,* 92 F.3d at 29; *see also, Mendez–Rosas v. Immigration & Naturalization Serv.,* 87 F.3d 672, 676 (5th Cir.1996) (reaching same result).

This reasoning applies with equal force to the AEDPA's amendment of 28 U.S.C. § 2244(b)(3)(A), which limits the jurisdiction of the district court to only those successive habeas petitions which the Court of Appeals has certified meet the requirements of § 2244. Accordingly, the Court should conclude that the AEDPA applies to petitioner's successive petition for writ of habeas corpus.

### C. *Conclusion*

In view of the forgoing, the Court should conclude that it lacks subject matter jurisdiction to consider petitioner's application for the writ of habeas corpus. Accordingly, the Court should dismiss the petition pursuant to Fed.R.Civ.P. 12(b)(1), (h)(3), and 28 U.S.C. § 2244(b)(3)(A). This dismissal should be without prejudice to petitioner's refiling the petition if the necessary order is obtained from the United States Court of Appeals for the Sixth Circuit.

### III. *NOTICE TO PARTIES REGARDING OBJECTIONS:*

█ The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. section 636(b)(1) and E.D.Mich. LR 72.1(d)(2). Fail-

ure to file specific objections constitutes a waiver of any further right of appeal. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of Health & Human Services,* 932 F.2d 505 (6th Cir.1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Smith v. Detroit Federation of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.1987); *Willis v. Sullivan, Secretary of Health & Human Services,* 931 F.2d 390, 401 (6th Cir.1991). Pursuant to E.D.Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: Aug. 19, 1996