William G. WHITE, et al., Appellants

v.

Eric K. SHINSEKI, Secretary of Veterans Affairs and Veterans Administration, Appellees.

No. 08–5161.

United States Court of Appeals, District of Columbia Circuit.

May 22, 2009.

Stanley Joseph Panikowski, DLA Piper US LLP, San Diego, CA, Barton Frank Stichman, National Veterans Legal Services Project, Washington, DC, for Appellants.

William Gordon Kanter, Gregory George Katsas, John S. Koppel, Attorney, U.S. Department of Justice, Jeffrey Allen Taylor, U.S. Attorney, R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellees.

BEFORE: BROWN and GRIFFITH, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

### ORDER

PER CURIAM.

Upon consideration of the petition for rehearing and the response thereto, it is

**ORDERED** that the petition be granted. The Clerk is directed to issue an amended judgment in lieu of the judgment issued April 7, 2009. The Clerk is further directed to issue the mandate forthwith.

### AMENDED JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

**ORDERED AND ADJUDGED** that the district court order filed March 28, 2008, 541 F.Supp.2d 87, be vacated, and the case be remanded to the district court with instructions to dismiss for the reasons stated in the accompanying memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.

### MEMORANDUM

We lack jurisdiction and therefore grant the government's petition for rehearing. The opinion below is vacated, and the case is remanded to the district court with instructions to dismiss.

The Veterans' Judicial Review Act provides that the "decision of the Secretary as to any [question of law or fact affecting the provision of benefits to veterans] shall be final and conclusive and may not be reviewed ... by any court," except for such matters as are subject to § 502 of the Act. 38 U.S.C. § 511(a), (b). Section 502 vests exclusive jurisdiction for review of claims relating to FOIA publication requirements and APA notice and comment rulemaking in the Federal Circuit.[1]

In *LaFontant v. INS*, 135 F.3d 158, 161–65 (D.C.Cir.1998), we considered whether the Antiterrorism and Effective Death Penalty Act of 1996, 8 U.S.C.A. § 1105a, which stripped the jurisdiction of circuit courts to review certain deportation orders, could be applied to cases pending at the time of the statute's enactment. Relying on a host of Supreme Court precedent, we held that "in order to determine whether a statute applies to a case that was filed prior to passage of the statute, courts must determine whether the statute is 'procedural' in nature, or whether it affects 'substantive entitlement to relief.'" 135 F.3d at 163 (quoting *Lindh v. Murphy*, 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)). Under normal circumstances, application of a new jurisdictional statute "'takes away no substantive right, but simply changes the tribunal that is to hear the case.'" *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (quoting *Hallowell v.*

---

1. Alternatively, the Act vests jurisdiction in the Court of Appeals for Veterans Claims, which was newly created at the time of the Act's passage in 1989 and thus unavailable to Appellants, who filed with the district court in 1979.

*Commons,* 239 U.S. 506, 508, 36 S.Ct. 202, 60 L.Ed. 409 (1916)).

Such is the case here. Given this overwhelming body of binding precedent, the isolated and ambiguous legislative history cannot be controlling. *See, e.g., Gen. Dynamics Land Sys. v. Cline,* 540 U.S. 581, 599, 124 S.Ct. 1236, 157 L.Ed.2d 1094 (2004). A statute has a "retroactive effect" when it "attaches new legal consequences to events completed before its enactment." *Landgraf,* 511 U.S. at 269–70, 114 S.Ct. 1483. Appellants have some argument that dismissal of their case on jurisdictional grounds may risk the time-barring of their claim via the independent operation of the applicable statute of limitations, but the language of the Act did nothing to alter the limitations period.[2]

---

**2.** We note that Appellants are likely to have a strong argument for equitable tolling of the statute should they choose to re-file in the Federal Circuit, particularly in light of the decade-long delay between the filing of their petition with the district court in 1979 and the passage of the Act in 1989, during which period the case lay dormant, apparently through no fault of Appellants. This argument, however, must be made to the Federal Circuit, not to us.