

Villanova University School of Law

Opinions of the United
States Court of Appeals
for the Third Circuit

2009 Decisions

6-26-2009

# USA v. Rodney Blackman

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3487

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Rodney Blackman" (2009). *2009 Decisions.* Paper 1121.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1121

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3487
_____

UNITED STATES OF AMERICA

v.

RODNEY AARON BLACKMAN,
                                        Appellant


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 08-cr-00147)
District Judge: Honorable Timothy J. Savage


_____

Submitted Under Third Circuit LAR 34.1(a)
June 11, 2009

Before: McKEE, HARDIMAN and VAN ANTWERPEN, *Circuit Judges*.

(Filed: June 26, 2009)


_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Rodney Blackman pleaded guilty to three counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d). The District Court imposed a below-Guidelines sentence of 150 months imprisonment, a term of supervised release of three years, restitution of $66,894, and a special assessment of $600.

Blackman filed a timely appeal, and counsel for Blackman moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). After receiving a copy of his counsel's request to withdraw, Blackman submitted a *pro se* brief in response. For the reasons set forth below, we will grant counsel's motion and dismiss the appeal.

When counsel files a motion pursuant to *Anders*, we determine whether: (1) counsel adequately fulfilled the *Anders* requirements, and (2) an independent review of the record presents any nonfrivolous issues. *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000).

To meet the first prong, appointed counsel must examine the record, conclude that there are no nonfrivolous issues for review, and request permission to withdraw. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Counsel must accompany a motion to withdraw with a "brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. Counsel need not raise and reject every possible claim,

2

but must, at a minimum, meet the "conscientious examination" standard set forth in *Anders*. *Youla*, 241 F.3d at 300.

Blackman's counsel filed a motion to withdraw along with an *Anders* brief, asserting that he "conducted a conscientious examination of the record" and concluding that no appealable issues exist because Blackman cannot claim that: (1) the District Court did not have jurisdiction; or (2) his sentence was unreasonable.

Blackman's counsel concedes that the District Court had jurisdiction over Blackman despite Blackman's claim that federal courts cannot exercise criminal jurisdiction over any defendant. All federal courts, other than the Supreme Court, derive their jurisdiction wholly from the exercise of the authority to "ordain and establish" inferior courts, conferred on Congress by Article III, § 1, of the Constitution. The Congressional power to ordain and establish inferior courts includes the power "of investing them with jurisdiction either limited, concurrent, or exclusive." *Lauf v. E. G. Shinner & Co.*, 303 U.S. 323, 330 (1938); *Hallowell v. Commons*, 239 U.S. 506, 509 (1916).

Blackman was charged under federal criminal law, 18 U.S.C. §§ 2113(a) and (d). Congress granted district courts criminal jurisdiction under 18 U.S.C. § 3231, which provides, "The district courts of the United States . . . have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Because Congress has the power to confer jurisdiction on the district courts under Article III, § 1,

3

and chose to do so by enacting 18 U.S.C. § 3231, Blackman cannot claim that the federal district court lacked jurisdiction over his violation of federal law. Blackman's courtroom utterances that no jurisdiction existed and his filings making the same claims were based on nonsensical documents and guidance which are regrettably circulated among, and occasionally filed by, inmates. We agree that no nonfrivolous appeal exists on this issue.

Blackman's counsel also concedes that Blackman's sentence was reasonable. We review a district court's sentence for reasonableness, evaluating both its procedural and substantive underpinnings, under a deferential abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594 (2007). In imposing a sentence, the District Court must: (1) correctly determine, as a matter of fact, and as a matter of law, the proper Guidelines sentence; (2) correctly determine the applicability of any departure motions; and (3) exercise its discretion to determine the applicability of any of the relevant § 3553(a) factors. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

Here, Blackman does not contend that the District Court improperly calculated his Guidelines range or failed to rule on any departure motions; rather he argues that his sentence was unreasonable. Counsel concedes first that the District Court correctly calculated Blackman's Guidelines range and properly ruled on any departure motions.[1]

---

[1] The District Court denied the Government's request to amend the Guidelines calculation based on its perceived lack of acceptance of responsibility from Blackman. Blackman's counsel requested a motion for downward departure based on Blackman's extensive mental health background and for his exceptional acceptance of responsibility, as demonstrated by his confessions to multiple bank robberies immediately upon his

After correctly calculating Blackman's Guidelines range and properly considering all departure motions, the District Court found Blackman's Guidelines range to be 188 to 235 months.

The Court then allowed both parties to address the appropriate sentence in light of the requested variances and other sentencing factors. Blackman also personally addressed the Court and requested a sentence of 144 months. In imposing a 150-month sentence – 38 months below the bottom of the Guidelines range – the Court reviewed the § 3553(a) factors extensively, clearly indicated its consideration of those factors, and imposed its sentence in light of those factors.[2]

In light of the District Court's careful consideration of Blackman's mental history and acceptance of responsibility, along with the seriousness of the crime, we agree with Blackman's counsel that this would be a frivolous issue on appeal.

As for the second prong of *Anders*, we have independently reviewed the record and we agree with counsel's comprehensive analysis as to why no appealable issue exists.

---

interview with the FBI. The District Court denied this motion, but specifically noted that it would take these factors into consideration at sentencing.

[2] When explaining its judgment, the District Court explicitly noted that "[Blackman's] father was physically abusive of his mother, with the Defendant intervening on behalf of his mother, leaving mental scars. His father was an alcoholic and a drug abuser. And the Defendant himself has had innumerable mental health problems, including suffering from bipolar disorder, schizophrenia and psychosis." Additionally, the Court expressly took notice of Defendant's acceptance of responsibility and demonstrated remorse.

The District Court properly held that it had jurisdiction over this criminal case, and did not abuse its discretion in sentencing Blackman.

Accordingly, we will affirm the judgment of the District Court and, in a separate order, grant counsel's motion to withdraw pursuant to *Anders*.