JENNIFER WALKER ELROD, Circuit Judge,
dissenting:
This appeal presents an important and novel issue of Texas law: Whether the Texas Religious Freedom Restoration Act’s (“TRFRA”) notice-by-certified-mail requirement is jurisdictional, such that the Morgans’ service of notice by fax deprives a court of jurisdiction to hear their claims, now pending for more than six years. See Tex. Gov’t Code § 311.034; Tex. Civ. Prac. & Rem.Code § 110.006. In the absence of directly controlling precedent from the Texas Supreme Court, the district court and the magistrate judge made an “Erie guess” about how the state court would rule on the issue. See SMI Owen Steel Co., Inc. v. Marsh USA, Inc., 520 F.3d 432, 437 (5th Cir.2008) (“In the absence of a final decision by the state’s highest court on the issue at hand, it is the duty of the federal court to determine, in its best judgment, how the highest court of the state would resolve the issue if presented with the same case.” (quotation marks and citation omitted)). In so doing, both concluded that the method-of-service terms in TRFRA’s notice provision are not jurisdictional and that the Morgans’ notice was sufficient.[1] The majority opinion reaches *589 the opposite conclusion, based on its construction of the statutory text and interpretation of two Texas Supreme Court cases in particular.
The plain text should be the first and — if at all possible — the only step in a statutory analysis. But we “are bound to apply [Texas] law as interpreted by the state’s highest court.” Am. Int’l Specialty Lines Ins. Co. v. Rentech Steel, L.L.C., 620 F.3d 558, 564 (5th Cir.2010) (alteration in original) (emphasis added) (quoting Barfield v. Madison Cnty., Miss., 212 F.3d 269, 271-72 (5th Cir.2000)).[2] “We are emphatically not permitted to do merely what we think best; we must do that which we think the [Texas] Supreme Court would deem best.” Jackson v. Johns-Manville Sales Corp., 781 F.2d 394, 397 (5th Cir.1986) (en banc) (citation omitted), abrogated in part on other grounds by Salve Regina Coll. v. Russell, 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). Properly framed, then, the question for us is whether the Texas Supreme Court would interpret the method-of-service requirement in TRFRA as a jurisdictional condition and “deem [it] best” to gut the Morgans’ claim because they sent a letter by fax rather than certified mail, return receipt requested. See id. Based on the precedent I discuss below, the Texas Supreme Court arguably would disagree with the majority opinion’s answer to this question. I would avoid this result by certifying the case to the Texas Supreme Court. See id. (explaining that “[w]e certify questions in order to avoid having to make unnecessary Erie guesses” (internal quotation marks omitted)). Because the majority opinion does not do so, and because I am not convinced that the Texas Supreme Court would reach the same conclusion, I respectfully dissent.
The majority opinion centers on the text of section 110.006 and section 311.034, and it emphasizes the Texas Supreme Court’s general statements in Prairie View A & M Univ. v. Chatha, 381 S.W.3d 500, 511 (Tex.2012), and University of Texas Southwestern Medical Center at Dallas v. Arancibia, 324 S.W.3d 544 (Tex.2010). See Maj. Op. at 583-87. The majority opinion’s approach is reasonable. But, in my view, it glosses over important qualifications to the Texas Supreme Court’s holding in Aranci *590 bia and fails to account for other Texas Supreme Court cases that undermine its conclusion.[3]
Turning first to Arancibia, the Texas Supreme Court addressed the following issue: Whether section 311.034 applied to a Texas Tort Claims Act lawsuit filed years before the legislature enacted section 311.034. See 324 S.W.3d at 546-47; see also Tex. Civ. Prac. & Rem.Code § 101.101(a) (requiring plaintiffs suing under the Texas Tort Claims Act to notify the government of a claim within six months, reasonably describing the injury, the time and place of the incident, and the incident itself). For the purpose of this appeal, the key part of the Arancibia court’s reasoning states:
Statutes — like section 311.034 — that do not deprive the parties of a substantive right and speak to the power of the court rather than to the rights or obligations of the parties may be applied to eases pending at the time of enactment. We agree that it is appropriate to do so here, and such a construction is not retroactive.
Arancibia, 324 S.W.3d at 548 (emphasis added) (internal citations and quotation marks omitted). If, by this language, the Arancibia court held that section 311.034 always applies to cases pending when it was enacted, then the majority opinion reaches the correct result. But the emphasized statements are difficult to square with such an absolute standard. The permissive, case-specific language that the court chose to use in crafting its holding is pointless if Arancibia established a blanket rule — otherwise, “may” really means “must.” That the Texas Supreme Court determined it was “appropriate” to apply section 311.034 there does not show that court would reach the same conclusion here.[4] This is especially true considering *591 that, on the facts in Arancibia, the court’s holding did not result in pouring the plaintiffs out based on a technicality that the opposing party raised more than six years into the lawsuit.[5]
Looking to other Texas Supreme Court decisions further undermines the majority opinion’s rationale.[6] For example, in Barr v. City of Sinton, the Texas Supreme Court confronted a TRFRA claim based on a city zoning ordinance that precluded the use of homes to provide free housing and religious instruction to recently released prisoners. 295 S.W.3d at 289. In its factual recitation, the court noted that “[a]l-though the trial court found that ‘plaintiffs failed to give notice as required by the Religious Freedom Act’, the City does not argue that here.” Id. at 292 n. 8 (internal alteration omitted) (citing Tex. Civ. Prac. & Rem.Code § 110.006(a)). Notwithstanding this observation and without any analysis of its jurisdiction in light of this express finding, the court proceeded to decide the merits of the appeal. See id. at 294-308. If the plaintiffs’ failure to provide notice as TRFRA requires was a jurisdictional defect, then the trial court’s finding was dis-positive: the Texas Supreme Court lacked jurisdiction to address the merits unless it first rejected the trial court’s finding.[7] Plainly, however, the Texas Supreme Court did not consider that to be the circumstance.[8]
Although the majority opinion concludes otherwise, the Texas Supreme Court’s decision in Roccaforte v. Jefferson County also suggests that it might disagree with *592 the court’s decision here. See 341 S.W.3d 919, 925-27 (Tex.2011). There, Jefferson County challenged the plaintiffs failure strictly to comply with the post-suit notice requirement in Local Government Code section 89.0041.[9] Id. The county first contended that section 311.034 applied, making the plaintiffs failure to comply with section 89.0041 a jurisdictional defect. Id. at 925. The court rejected this contention, holding that section 89.0041’s notice provision is not jurisdictional because “[sjection 311.034 applies to prerequisites to suit, not notice requirements that can be satisfied only after suit is filed.” Id. (citations omitted). The county also asserted that section 89.0041 mandated dismissal of the plaintiffs claim because the plaintiffs notice was hand-delivered rather than mailed. Id. at 926.[10] The court disagreed. It reasoned that the plaintiffs substantial compliance with the notice provision was sufficient because “[t]he statute was not intended to create a procedural trap allowing a county to obtain dismissal even though the appropriate officials have notice of the suit.” Id. at 926 (citations omitted). In a separate opinion, Justice Willett reached the same result but for different reasons. Id. at 927-31. He criticized the court’s failure to “take the statute at face value,” explaining that the court’s substantial-compliance standard contradicts “[sjection 89.0041’s use of phrases like ‘shall deliver,’ ‘must be delivered,’ ‘as required,’ and ‘shall dismiss,”’ which seemingly mandate strict compliance. Id. at 928 (Willett, J., concurring) (footnotes omitted).
That eight of nine Texas Supreme Court justices in Roccaforte concluded substantial compliance with section 89.0041 was sufficient has significant import here. Like section 89.0041, which explicitly requires that “written notice must be delivered by certified or registered mail,” Tex. Loc. Gov’t Code § 89.0041(b), TRFRA’s notice provision states that “[a] person may not bring an action ... unless ... the person gives written notice to the government agency by certified mail, return receipt requested.” Tex. Civ. Prac. & Rem. Code § 110.006(a). On their face, both statutes establish specific, exclusive methods for giving notice. The majority in Roccaforte, however, concluded that the Texas Legislature did not intend for section 89.0041 to bar a claim “merely because [the] notice was hand-delivered rather than mailed.” 341 S.W.3d at 926. It follows that the Texas Supreme Court might similarly determine that the Texas Legislature did not intend for section *593 110.006(a) to preclude a claim simply because notice was not sent by certified mail, return receipt requested. Therefore, the Texas Supreme Court may disagree with the majority opinion’s conclusion here. After all, no one disputes that PISD had actual notice of the Morgans’ claim, so the majority opinion’s construction of TRFRA “create[s] a procedural trap” of precisely the same type that the Roccaforte court rejected. Cf. Roccaforte, 341 S.W.3d at 926.
In my view, fidelity to “the principles of a cooperative judicial federalism underlying Erie,” Salve Regina Coll., 499 U.S. at 239, 111 S.Ct. 1217, demands that we afford the Texas Supreme Court an opportunity to decide the novel legal question this case presents. This case is an ideal candidate for certification “to avoid having to make [an] unnecessary Erie guess[ ]....” Jackson, 781 F.2d at 397 (internal quotation marks omitted). The majority opinion passes up this option because it “find[s] the statute clear and [is] satisfied that the Texas Supreme Court would apply the statute as written.” Maj. Op. at 588. For the reasons above, however, I am not so satisfied. Because Texas precedent leaves room for doubt regarding whether the Texas Supreme Court would agree with the majority opinion, I respectfully dissent.

. The majority opinion focuses on the Morgans’ failure to send notice to PISD by certified mail, return receipt requested; it does not address whether the notice was otherwise sufficient under TRFRA. See Maj. Op. at 588 n. 19. PISD contends that the Morgans’ notice did not satisfy the other notice criteria be *589 cause it did not reference TRFRA or refer to the other elements in TRFRA’s notice provision. I would reject PISD’s argument.
TRFRA specifies that a plaintiff must give written notice:
(1) that the person’s free exercise of religion is substantially burdened by an exercise of the government agency’s governmental authority;
(2) of the particular act or refusal to act that is burdened; and
(3) of the manner in which the exercise of governmental authority burdens the act or refusal to act.
Tex. Civ. Prac. & Rem.Code § 110.006(a). TRFRA does not require that the plaintiff’s notice explicitly reference the statute, as PISD apparently assumes it must, and the Morgans' letter fulfills the other statutory requirements: It is framed in terms of an unconstitutional burden on religious expression, discusses Jonathan Morgan’s desire to distribute religious materials, and describes PISD’s prohibition against giving such materials as gifts at the school party.

. When making an Erie guess about how the Texas Supreme Court would rule on an issue, our precedent specifies that we consider the following:
(1) decisions of the [Texas] Supreme Court in analogous cases, (2) the rationales and analyses underlying [Texas] Supreme Court decisions on related issues, (3) dicta by the [Texas] Supreme Court, (4) lower state court decisions, (5) the general rule on the question, (6) the rulings of courts of other states to which [Texas] courts look when formulating substantive law and (7) other available sources, such as treatises and legal commentaries.
Rentech Steel, 620 F.3d at 564 (quoting Hodges v. Mack Trucks, Inc., 474 F.3d 188, 199 (5th Cir.2006)).

. With regard to the general statements that the majority opinion quotes from Chatha and Arancibia, I am reminded of a "canon of unquestionable vitality”: we are " 'not to disregard that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used.’ " Landgraf v. USI Film Prods., 511 U.S. 244, 265, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (quoting Cohens v. Virginia, 19 U.S. 264; 6 Wheat. 264, 399, 5 L.Ed. 257 (1821)); see also infra n. 6 (observing that the Texas Supreme Court has not applied the general statements from Chatha and Arancibia to bar a claim under TRFRA or any other statute that requires pre-suit notice).

. Delving into the case law that the Arancibia court relied on further supports this conclusion. For example, the court quoted Landgraf for the proposition that "the Supreme Court of the United States has ‘regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed.’ ” Arancibia, 324 S.W.3d at 548 (quoting 511 U.S. at 274, 114 S.Ct. 1483). Looking to Landgraf reveals that it supported this statement with citations to cases in which a jurisdictional. rule "simply change[d] the tribunal that [was] to hear the case.” 511 U.S. at 274, 114 S.Ct. 1483 (quoting Hallowell v. Commons, 239 U.S. 506, 508, 36 S.Ct. 202, 60 L.Ed. 409 (1916)). In other words, despite the ostensibly broad reach of the statement in Landgraf, it did not necessarily establish a rule that a court may always apply a jurisdictional statute to a pending claim, even when doing so will eliminate the availability of any tribunal for the claim. Cf. Sw. Bell Tel. Co. v. City of Kountze, 543 S.W.2d 871, 874-75 (Tex.Civ.App.-Beaumont 1976, no writ) (applying a statute granting an agency exclusive jurisdiction over a claim pending on interlocutory appeal, and then requiring the trial court to dismiss the lawsuit because the statute did not "destroy the rights of plaintiff; it' simply [took] away from the district court the jurisdiction to adjudicate the question and conferred] the exclusive jurisdiction upon another tribunal, namely, the regulatory commission”). The Arancibia court also quoted Landgraf for the premise that ”[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity.” 324 S.W.3d at 548. But Landgraf went on to state: ”[T]he mere fact that a new rule is procedural does not mean that it applies to every pending case. A new rule con *591 cerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime....” 511 U.S. at 275 n. 29, 114 S.Ct. 1483.

. PISD did not press its challenge to the Morgans' compliance with TRFRA’s notice provision until six years into the litigation of this case and after two appeals to this court. See Morgan v. Swanson, 659 F.3d 359 (5th Cir.2011) (en banc); Morgan v. Plano Indep. Sch. Dist., 589 F.3d 740 (5th Cir.2009).

. The absence of certain Texas Supreme Court precedent also seems relevant to our decision. In none of the cases that the majority opinion cites did a Texas court apply section 311.034 to bar a claim for failure to comply with the method-of-service requirement under TRFRA or any other statute that requires pre-suit notice. Moreover, as I discuss in the text, the Texas Supreme Court in Barr v. City of Sinton did exactly the opposite: it decided the merits of an appeal after noting that the trial court found the plaintiffs failed to give notice as TRFRA requires. . See 295 S.W.3d 287, 292 n. 8 (Tex.2009). Therefore, the majority opinion here plows new ground in Texas jurisprudence.

. The majority opinion recognizes that Barr "undercuts] [its] conclusion that compliance with the pre-suit notice provision is jurisdictional.” Maj. Op. at 587. But, in an attempt to reconcile Barr with the outcome that it reaches, the majority opinion offers the following: (1) Barr "provide[d] no further discussion or analysis as to why the plaintiff's notice was insufficient,” and (2) “Barr was decided prior to Arancibia so the court could not yet rely on Arancibia's guidance” regarding section 311.034. Id. Both of these points, however, bolster the case for certification to the Texas Supreme Court. That Barr provided no discussion or analysis merely creates more room for doubt about whether the court viewed the plaintiffs’ deficient notice as an issue with jurisdictional ramifications. Moreover, the reference, to Arancibia is not determinative for the reasons discussed above, namely the permissive and case-specific language that the Texas Supreme Court used in that case.

.The Morgans point out that in the two cases we have decided involving TRFRA claims, we never discussed whether the plaintiffs provided notice by certified mail, return receipt requested. See A.A. v. Needville Indep. Sch. Dist., 611 F.3d 248, 254-57 (5th Cir.2010); Merced v. Kasson, 577 F.3d 578, 583 (5th Cir.2009). If this precise method of notice is a jurisdictional prerequisite, that fact would have been important to — indeed, a necessary condition for — our decisions on the merits.

. Section 89.0041 provides in full:
(a) A person filing suit against a county or against a county official in the official's capacity as a county official shall deliver written notice to:
(1) the county judge; and
(2) the county or district attorney having jurisdiction to defend the county in a civil suit.
(b) The written notice must be delivered by certified or registered mail by the 30th business day after suit is filed and contain:
(1) the style and cause number of the suit;
(2) the court in which the suit was filed;
(3) the date on which the suit was filed; and
(4)the name of the person filing suit.
(c)If a person does not give notice as required by this section, the court in which the suit is pending shall dismiss the suit on a motion for dismissal made by the county or the county official.
Tex. Loc. Gov’t Code § 89.0041 (emphasis added).

. See Tex. Loc. Gov’t Code § 89.0041(c) ("If a person does not give notice as required by this section, the court in which the suit is pending shall dismiss the suit on a motion for dismissal made by the county or the county official.").